UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00351-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| JOSE GUADALUPE BURGOS-SOTO | |

On November 6, 2020, the United States Probation Office ("USPO") for the Eastern District of North Carolina filed a motion to revoke defendant Jose Guadalupe Burgos-Soto's ("defendant") term of supervised release. [D.E. 30]. On March 9, 2026, the USPO filed an amended motion for revocation, alleging an additional criminal conduct violation. [D.E. 42]. On March 12, 2026, defendant filed a notice of consent to waive his revocation hearing and requested a sentence of 7 months' imprisonment. [D.E. 43]. The United States and USPO support defendant's notice and agree with revocation of defendant's term of supervised release and a sentence of 7 months' imprisonment. *See id.* at 2. As explained below, the court grants defendant's motion.

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violations outlined in the motion for revocation. *See* Fed. R. Crim. P. 32.1(b)(2); *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). In his notice, defendant admits violations one and two, which allege new criminal conduct. *See* [D.E. 43 1 & n.2]. Defendant asks to waive his hearing and have the court resolve the matter on the pleadings. *See* [D.E. 43 1-2].

A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. *See*

*Farrell*, 393 F.3d at 500; *United States v. Stehl*, 665 F.2d 58, 59–60 (4th Cir. 1981). The court finds that defendant has knowingly and voluntarily waived his right to a hearing under Rule 32.1; and the court accepts defendant's knowing and voluntary waiver and his admission of the violations.

As for the disposition, on February 19, 2019, this Court sentenced defendant to 24 months' imprisonment and a 12-month term of supervised release for violating 8 U.S.C. § 1326(a). *See* [D.E. 26]; [D.E. 42]. Defendant's term of supervised release began on May 12, 2020. Since that date, defendant has violated the terms of his supervised release by committing new criminal conduct. In fashioning a supervised release revocation sentence, the court focuses on the breach of trust. *See* U.S.S.G. Ch. 7, Pt. A(3)(b). The sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of the court-ordered supervision." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006) (quotation omitted); *see* U.S.S.G. Ch. 7, Pt. A(3)(b).

The violations outlined in the amended motion for revocation are grade C violations. Defendant's policy statement range is 7-12 months' imprisonment based on a grade C violation and a criminal history category of V. *See* U.S.S.G. § 7B1.4(a); 2019 PSR ¶ 21. The parties agree that an appropriate sanction for defendant is revocation and a sentence of 7 months' imprisonment. Having considered the entire record, the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, and the relevant factors in 18 U.S.C. § 3553(a), the court adopts the parties' recommendation and sentences defendant to 7 months' imprisonment.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors.

In sum, the court finds that defendant Jose Guadalupe Burgos-Soto has violated the terms and conditions of the judgment as follows:

1.  Criminal conduct.

2.  Criminal conduct.

Defendant's supervised release term is REVOKED, and the defendant is ORDERED committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 7 months with no supervision to follow.

IT IS FURTHER RECOMMENDED that the defendant receive educational and vocational training while in the Bureau of Prisons. The clerk SHALL provide the U.S. Marshal a copy of this judgment and this judgment shall serve as the commitment order. Any notice of appeal must be filed within 14 days.

SO ORDERED.

This __13__ day of March, 2026.

JAMES C. DEVER III
United States District Judge